BODINE *v.* TAYLOR.

Opinion delivered February 16, 1920.

VENDOR AND PURCHASER—SATISFACTORY TITLE.—Where a contract for the sale of land provided that the vendor should make a good warranty deed, and that in case he can not make a satisfactory deed he was to return an advance payment, there was no requirement that the title should be satisfactory to the purchaser's attorney; and where the vendor furnished a good title, though it was disapproved by the purchaser's attorney, the purchaser can not recover the advance payment.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*James E. Hogue* and *Geo. M. Heard,* for appellant.

Under the original contract appellant contracted for 25 acres of land for $1,000. Defendant could not give him a good title to all the land, and the contract failed and was abandoned by agreement, and a new agreement made, which was void because not in writing. Kirby's Digest, § 3654, subd. 4. No forfeiture is claimed in the answer and no proof of a forfeiture, and the court erred in its findings of fact and its declaration of law, as the new contract was within the statute of frauds.

*Philip McNemer,* for appellee.

1. There was no defect in the title as to the one acre, as found by the chancellor.

2. Under the contract for 10 acres *more or less* and the general description, there was no failure of title as to the one acre. 19 Ark. 108-9; 101 *Id.* 99. It is appellant's fault, and the court so found, that he failed and refused to take the land as he agreed. He failed to carry out his original contract without reason, as the title was good and he refused to buy at the agreed reduced price, and the decree is correct.

SMITH, J. This is a suit to recover fifty dollars paid by the appellant to S. R. Taylor under a contract for the purchase of a certain piece of land and to subject the land to the payment of the same. The suit was originally filed against S. R. Taylor as defendant, who has since died, and the cause has been revived in the name of appellees. The complaint alleged that on the 7th day of August, 1916, the plaintiff and defendant entered into a contract by the terms of which the defendant agreed to sell the plaintiff twenty-five acres of land in Pulaski County, Arkansas. That the plaintiff agreed to pay therefor a thousand dollars, and that the defendant was to furnish him with an abstract showing a good title to the land. That plaintiff paid fifty dollars to the defendant as an advance payment of earnest money, and agreed to pay the balance when the defendant should furnish the plaintiff a deed and abstract showing a good title to the land. That later the defendant furnished an abstract, which, upon examination, showed that he had no title to one acre of the land, and that there were defects in the title, which showed that the defendant did not have good title to the land.

That the plaintiff refused to accept the deed and refused to pay the balance of the purchase money except upon the condition that the defendant should deduct the value of the shortage or perfect his title. That the defendant refused to deduct the value of the shortage in quantity and refused to carry out and perform his part

of said contract. That the defendant refused to return the fifty dollars paid, and that the plaintiff was entitled to a lien on the land to secure its return.

The prayer was for a decree against the defendant for $50, and that the plaintiff be decreed to have a lien on the land to secure the payment of same, and for an order of sale in case of failure to pay.

Upon filing a motion by the defendant to require the complaint to be made more specific, the plaintiff filed an amended complaint, making the contract of sale an exhibit thereto, and alleged that it was agreed that in case the defendant could not make a satisfactory deed that the defendant should return the advance money. That the plaintiff caused the abstract, which the defendant had furnished him, to be examined by an attorney, who advised the plaintiff that the defendant did not have a good title to one acre of the land, and that it would require a suit in chancery to perfect the defendant's title. That by reason of the imperfection of the defendant's title to one acre of the land the defendant was unable to make a satisfactory deed. That the contract of sale was canceled by agreement of the parties, and that the plaintiff returned the abstract, and that the defendant agreed to return the fifty dollars.

The answer specifically denied each allegation of the complaint and prayed its dismissal.

The contract referred to and made an exhibit to the complaint reads as follows:

"This is an agreement between S. R. Taylor, party of the first part, and R. Bodine, party of the second part. S. R. Taylor, party of the first part, agrees to sell west part of south quarter, section 30, 3 north, range 10 west, containing fifteen acres, more or less, and the south part of the southeast, containing ten acres, more or less; in fact, all of my real estate west of St. Louis, Iron Mountain Railroad, to R. Bodine, for the sum of $1,000 in cash.

"R. Bodine, party of the second part, agrees to deposit $50 to S. R. Taylor for good faith, and to pay him the balance of $950 when S. R. Taylor makes him a good

warranty deed; in case S. R. Taylor can not make a satisfactory (deed) to said land he is to return the said $50 to R. Bodine at once.

(Signed)                       S. R. Taylor.

(Signed)                       R. Bodine.

"8-7-16 Date."

This contract was prepared by one McBride, a justice of the peace, who testified that the parties came to his office and asked him to prepare it. That Taylor had the deed which had been made to him for the land, and that both parties read over this deed, and that he then wrote the contract after Taylor had stated to Bodine that he was selling him the land as described in the deed. That witness further testified that Taylor had resided on the land since 1904. The deed referred to described the land by metes and bounds.

The cause was tried below, and is presented here, upon the theory that the title was to be satisfactory to appellant's attorney, and the objection made to it is that there was a shortage of an acre. In the progress of the trial, however, the court made this statement:

"I don't want to direct your case, of course, but I don't know that there was one acre in this call that is affected. I couldn't take Judge Heard's statement. I would have to pass on that question myself. The contract does not call for the title to be passed upon by Mr. Heard."

We do not understand that it has been made to appear that there was a shortage of an acre, and no other objection to the title was made. The court below was correct in the view that the contract did not call for a title which Judge Heard (appellant's attorney) would approve, but called for a good and satisfactory title, this being the proper interpretation of the language employed in the contract of sale. The question, therefore, was not whether appellant's attorney had approved the title. The controlling question is, was there any valid objection to it? The objection made was that there was a shortage

of an acre, and it does not appear that this objection was well taken.

There is conflicting testimony as to the propositions and negotiations occurring after the objection had been made that there was a shortage in acreage; but we think nothing is shown which obligated the seller to do more than to furnish a good title, and, as we have stated, the only objection made to the title is not substantiated by the record before us, and the complaint was therefore properly dismissed for the want of equity.